DOUGLASS & DOUGLASS, plaintiffs in error, *vs.* E. L. EBLIN, defendant in error.

A *bona fide* purchaser, without notice of a judgment when he buys from the defendant in *fi. fa.*, is protected by four years' possession of the land, though it be levied on after his purchase, the levy remaining inactive until his four years' possession was complete; the land is discharged in such case from the lien of the judgment.

Judgments. Levy and sale. Statute of Limitations. Before Judge KIDDOO. Randolph Superior Court. November Term, 1875.

Reported in the opinion.

E. L. DOUGLASS, by Z. D. HARRISON, for plaintiffs in error,

A. HOOD; L. C. HOYLE, for defendant.

Dickson *vs.* Thurmond.

JACKSON, Judge.

This case differs from *Braswell vs. Plummer*, 56 *Georgia Reports*, 594, only in this respect. In that case, the levy was made before the purchaser, who held four years, bought from defendant in *fi. fa.* In this case the levy was made after he bought. In both cases the levy was idle, inactive, did not move, until the *bona fide* purchaser had held the land four years. An inactive levy is proof of as much *laches* as no levy. at all. The plaintiff may sleep his lien to death in one case as well as the other. As no notice of the judgment is brought home. to the purchaser in this case, the whole court think that the purchaser is protected on the principle decided in *Braswell vs. Plummer*, *supra*.

Judgment affirmed.